# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FREE GREEN CAN, LLC and <br> FGC FRANCHISES, LLC, <br>         Plaintiffs, <br><br> v. <br><br> GREEN RECYCLING ENTERPRISES, <br> LLC (a/ka GREEN RECYCLING <br>     ENTERPRISES, INC.), ASLAN <br> FINANCIAL GROUP, INC., EDWARD <br> JARZOBSKI, DEDRIC GILL, ROBB <br> JORGENSEN, and BRIAN GUBBELS <br><br>         Defendants. | Case No. 10-cv-5764 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion by Defendants Dedric Gill, Robb Jorgensen, Brian Gubbels, Aslan Financial Group, Inc., and Edward Jarzobski (collectively "Moving Defendants") to dismiss the First Amended Complaint ("FAC") for lack of personal jurisdiction and for failure to state a claim. (Dkt. No. 31.) Plaintiffs Free Green Can, LLC and FGC Franchises, LLC (collectively "Plaintiffs") asserted trademark infringement (count I), unfair competition (count II), breach of franchise agreement (count IV), and specific performance of the franchise agreement (counts V and VI) against Defendants Green Recycling Enterprises, LLC, Edward Jarzobski, Dedric Gill, Robb Jorgensen, and Brian Gubbels (collectively the "GRE Defendants"). Plaintiffs also seek a declaratory judgment finding the franchise agreement valid and enforceable (count III) and to enjoin the GRE Defendants from using Plaintiffs' trademarks and copyrighted material (count VII). Plaintiffs further assert breach of a consulting agreement (count VIII) and breach of fiduciary duty against Defendant Aslan Financial Group, Inc. ("Aslan"). For the reasons that follow, the Court grants the Moving Defendants' motion.

## FACTS

The relevant factual allegations in the FAC, which the Court must accept as true for present purposes, are as follows: Plaintiff Free Green Can LLC ("Free Green Can") developed the business concept of providing dual purpose recycle and trash bins to public and private institutions and selling advertising rights on those bins to third-parties. (Am. Compl. ¶ 6.) Free Green Can envisioned the placement of the bins in heavily-trafficked "host site" locations. (*Id.* at ¶ 15.) Host sites would receive a cost-free trash and recycling solution and earn a share of the advertising revenue. (*Id.*) Free Green Can is the owner of registered trademarks licensed and used in connection with the Free Green Can operation. (*Id.* at ¶ 6.) Free Green Can licenses its registered trademarks to Plaintiff FGC Franchises, LLC ("FGC Franchises"), who in turn sub-licenses the trademarks to Free Green Can franchises. (*Id.*)

Free Green Can sought help from Defendant Aslan to secure financing to develop the Free Green Can business. (*Id.*) Defendant Edward Jarzobski ("Jarzobski") serves as Aslan's president. (*Id.* at ¶ 9.) Defendant Green Recycling Enterprises, LLC ("GRE") holds the franchise rights to operate a Free Green Can business within the State of Nebraska. (*Id.* at ¶ 29.) Defendants Jarzobski, Dedric Gill ("Gill"), Robb Jorgensen ("Jorgensen"), and Brian Gubbels ("Gubbels") (collectively the "individual defendants") are all members of GRE and Gill is its president. (*Id.* at ¶¶ 9-12.) GRE and the individual defendants are all citizens of Nebraska. (*Id.* at ¶ 7.)

In August 2009, Free Green Can entered into a consulting agreement with Aslan. (*Id.* at ¶ 22.) Pursuant to this agreement, Aslan was to develop an investor package for the purpose of soliciting financing from potential lenders. (*Id.*) Aslan required Free Green Can to disclose certain confidential information needed to facilitate the lender review process. (*Id.* at ¶ 22.) The

parties agreed that the wrongful discharge of this confidential information may result in harm entitling Free Green Can to all available remedies. (*Id.* at ¶ 23.) Jarzobski executed the consulting agreement on behalf of Aslan, which contained neither a choice of law nor a forum selection clause. (Pls.' Mem. In Opp'n ("Dkt. No. 39"), Ex. C.) Plaintiffs allege Aslan violated the consulting agreement and its fiduciary duty to Free Green Can by disclosing confidential information to GRE and the individual defendants. (Am. Compl. ¶¶ 86, 91.)

Jarzobski also executed a mutual confidentiality agreement with Free Green Can, which contains a forum selection clause binding the parties to the exclusive jurisdiction of "the duly constituted courts of the State of Illinois." (Dkt. No. 39, Ex. B.) Plaintiffs and the Moving Defendants dispute whether Jarzobski executed the confidentiality agreement on behalf of Aslan. (*Id.* at p. 4; Defs.' Reply ("Dkt. No. 45"), p. 10.) This factual dispute cannot be resolved on this motion dismiss nor is it relevant as Plaintiffs have not alleged that either Jazorbski or Aslan violated the confidentiality agreement. (*See generally* Am. Compl.)

Aslan approached Free Green Can and proposed to acquire franchise rights to the Free Green Can business in Nebraska. (*Id.* at ¶ 25.) In October 2009, Free Green Can and GRE executed a franchise agreement that contained a forum selection clause providing that:

> "[a]ny legal action or proceeding with respect to this Agreement shall be brought exclusively in state or federal court in Chicago, Illinois and each Party consents to the jurisdiction of said court as the proper and convenient forum for all matters that arise under this Agreement." (Dkt. No. 39, Ex. A.)

The preamble to the franchise agreement states that the agreement was entered into by and between Free Green Can Products, LLC and "the individual or business entity indentified in the signature block of this Agreement ("Franchisee")." (*Id.*) Green Recycling Enterprises, Inc. was

listed in the signature block as the Franchisee. (*Id.*) Defendants Gill, Jorgensen, and Jarzobski signed the franchise agreement without indicating their corporate affiliation. (*Id.*)

After the franchise agreement was executed, Free Green Can received the initial $125,000 initial fee owed under the agreement. (Dkt. No. 23 ¶ 30.) The initial fee included the cost for 100 of the Free Green Can proprietary dual purpose recycle and trash containers. (*Id.*) Free Green Can was also paid $40,000 for an additional 100 dual purpose containers. (*Id.*) GRE allegedly placed these bins in several venues and secured advertising commitments from major organizations. (*Id.* at ¶ 32.)

GRE and the individual defendants, referred to as the "GRE Defendants" throughout the FAC, failed to pay Free Green Can the advertising fees due under the franchise agreement. (*Id.*) The GRE Defendants allegedly violated the franchise agreement by failing to report on the placement and solicitation of the dual purpose bins, failing to submit financial statements to Free Green Can, and failing to permit Free Green Can to inspect the GRE Defendants' books and records. (*Id.* at ¶ 35.) Plaintiffs allege that the GRE Defendants have used the Free Green Can trademarks, have represented themselves as having the right to sell franchises, and have provided the proprietary dual purpose bins to a third-party outside of Nebraska. (*Id.* at ¶ 45.) The GRE Defendants allegedly informed Plaintiffs that the franchise agreement was null and void because Free Green Can did not register its franchise with the Nebraska Department of Banking. (*Id.* at ¶ 36.) Plaintiffs provided the GRE Defendants with notice that their acts violated the franchise agreement and infringed upon Plaintiffs' trademarks. (*Id.* at ¶ 46.)

On September 10, 2010, Plaintiffs filed the instant action after the GRE Defendants allegedly refused to comply with the franchise agreement and continued to infringe Plaintiffs' trademarks. (Dkt. No. 1.) Plaintiffs filed their First Amended Complaint one month later on

October 14, 2010.  (Dkt. No. 23.)  Defendant GRE filed its answer, affirmative defenses, and counterclaims on November 5, 2010 and does not challenge the exercise of personal jurisdiction before this Court.  (Dkt. No. 33.)  The Moving Defendants, however, seek dismissal alleging they are not subject to personal jurisdiction in Illinois because they have no contacts within the State of Illinois and are not bound by the forum selection clause in the franchise agreement.  (Dkt. No. 31.)  The individual defendants seek dismissal on the additional basis that the FAC fails to state a claim because it asserts claims against the "GRE Defendants" only and does not allege that the individual defendants committed any tortious acts or contributed in any way to the wrongdoing Plaintiffs allege.  (*Id.*)  In opposition, Plaintiffs argue the Moving Defendants are subject to personal jurisdiction in Illinois because they are bound by a forum selection clause and that the FAC states a claim upon which this Court may grant relief.

## STANDARD OF REVIEW

**1. Personal Jurisdiction**

On a motion to dismiss for lack of personal jurisdiction, a court accepts all well-plead allegations in the complaint as true unless controverted by the defendants' affidavits.  *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).  When personal jurisdiction is challenged under Rule 12(b)(2), a court must decide if any material facts are in dispute.  *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).  If so, it must hold an evidentiary hearing to resolve them.  *(Id.)*  Until such hearing takes place, the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction.  (*Id.*)  Under the *prima facie* case standard, Plaintiffs are entitled to have any conflicts in the affidavits or supporting materials resolved in their favor.  *Purdue Research*, 338 F.3d at 782.

This Court has personal jurisdiction over the Moving Defendants only if an Illinois state court would have jurisdiction. *Id.* at 779. The exercise of jurisdiction in Illinois must comply with the Illinois long-arm statute, the Illinois Constitution, and federal due process. *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760-61 (7th Cir. 2008). Because the relevant state statute extends to the outer limits of the state and federal constitutions, district courts often proceed directly to the federal due process analysis. *Id.*; 735 ILCS § 5/2-209(c) (West 2011). Thus, this Court will have specific jurisdiction under the Illinois long-arm statute if the Moving Defendants have purposely established enough "minimum contacts" within Illinois so that subjecting them to an Illinois suit that arises out of those contacts would be fundamentally fair. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

This Court can also exercise personal jurisdiction by express consent of the parties. *Id.* The strictures of due process are satisfied when a party agrees to be brought into a specific forum. *Id.* Thus, a valid forum-selection clause is sufficient to confer personal jurisdiction. *Heller Fin'l, Inc. v. Midwhey Powder Co., Inc.*, 883 F.3d 1286, 1292 n.4 (7th Cir. 1989).

**2. Failure to State a Claim**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Christensen v. County* of Boone, 483 F.3d 454, 458 (7th Cir. 2007). Pursuant to the federal notice pleading standard, a complaint need only provide a short and plain statement of the claim showing that the plaintiff is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). When evaluating the sufficiency of a complaint, a district court must construe the complaint in the light most favorable to the nonmoving party. *Id.* The Supreme Court has described the bar that a complaint must clear for purposes of Rule 12(b)(6)

as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 732 (7th Cir. 2010). Pursuant to Federal Rule of Civil Procedure 12(d), a district court cannot consider material outside of the complaint and its attachments without converting a Rule 12(b)(6) motion to a motion for summary judgment. *See* Fed. R. Civ. P 12(d). As an exception to this general rule, a court may consider documents attached to a motion to dismiss if they are central to plaintiff's claims. [Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002)](.).

## DISCUSSION

In ruling upon this motion to dismiss, the Court must determine threshold jurisdictional questions before proceeding with questions relating to the merits of Plaintiffs' claims. *See, e.g., In re: LimitNone*, LLC, 551 F.3d 572, 576 (7th Cir. 2008). Accordingly, this Court considers whether personal jurisdiction can be exercised over the Moving Defendants consistent with federal due process before determining whether the complaint fails to state a claim.

### 1. The Court Lacks Jurisdiction Over Aslan Financial Group, Inc.

The Court first determines whether it has subject matter jurisdiction over Plaintiffs' claims against Aslan before considering the issue of personal jurisdiction. *See, e.g., McCready*

v. White, 417 F.3d 700, 702 (7th Cir. 2005) ("[e]nsuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit"). In counts VIII and IX—the only counts asserted against Aslan—Plaintiffs allege Aslan breached the confidentiality agreement and breached its fiduciary duty to Plaintiffs under that agreement. (*Id.* at p. 20.) Since these contract claims do not involve an issue of federal law, the only possible basis for federal jurisdiction must be through diversity jurisdiction, which requires complete diversity between the parties and an amount in controversy exceeding $75,000. *See, e.g., Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). While the FAC properly alleges complete diversity, Plaintiffs have not alleged that the amount of damages caused by Aslan's alleged breaches exceeds $75,000. The FAC alleges only that Plaintiffs have "been damaged in an amount to be proven at trial." (Dkt. No. 23 ¶¶ 87, 92.) These allegations are insufficient to meet the jurisdictional threshold. Thus, the Court lacks subject matter jurisdiction over Plaintiffs' claims against Aslan and hereby dismisses the same. Having determined that subject matter jurisdiction is lacking, the Court need not decide whether the exercise of personal jurisdiction over Aslan meets the requirements of due process.

### 3. The Court Lacks Jurisdiction Over Plaintiffs' Contract Claims Against Jarzobski, Gill, Jorgensen, and Gubbels

Plaintiffs have not alleged sufficient facts to establish federal jurisdiction over their contract claims against the individual defendants, who are all citizens of Nebraska. (Dkt. No. 23 ¶¶ 9-12.) In counts III through VII, Plaintiffs assert various contract claims against GRE and the individual defendants.[1] (*Id.* at pp. 16-20.) While Plaintiffs have set forth several factual allegations in support of their contract claims, they have failed to allege that the damages they seek meet the threshold necessary for this Court to exercise subject matter jurisdiction over these

---

[1] The claims against GRE are not challenged in the instant motion.

claims. The FAC is barren of any allegation to provide the Court with a basis for determining whether Plaintiffs' damages exceed $75,000. As with the claims alleged against Aslan, the Plaintiffs have only alleged that they have been damaged by the GRE Defendants "in an amount to be proven at trial." (*Id.* at ¶ 71.) As the party seeking federal jurisdiction, Plaintiffs bear the burden of proving the amount in controversy and they have failed to do so here. *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 188-89. Thus, the Court dismisses the contract claims against the individual defendants for lack of subject matter jurisdiction.

### 4. Plaintiffs Fail to State A Claim Against the Individual Defendants on the Remaining Claims

In counts I and II, Plaintiffs assert trademark infringement and unfair competition claims against the GRE Defendants for violating Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(l). (Dkt. No. 23 ¶¶ 51, 57.) The Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338 and 1331. The Court must determine whether it can exercise personal jurisdiction over the individual consistent with federal due process. The "constitutional touchstone" in this analysis is whether the individual defendants' purposely established minimum contacts with Illinois. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1313 (7th Cir. 1990).

Plaintiffs allege that the individual defendants have sufficient minimum contacts with Illinois to provide them with fair warning that they could be haled into an Illinois court. (Dkt. No. 39. p. 6.) In support, Plaintiffs allege that the individual defendants sought out a franchise relationship with Plaintiff Free Green Can LLC, entered into a franchise agreement with Plaintiffs, and that Plaintiffs' claims arise from this solicitation and relationship. (*Id.*) Plaintiffs concede that the business relationship was physically conducted in Nebraska. (*Id.*) They argue, however, that jurisdiction in Illinois is proper because the individual defendants established and maintained an ongoing relationship with Free Green Can, an Illinois corporation. (*Id.*) While

the individual defendants argue that they do not maintain purposeful, regular, or systematic business contacts with the State of Illinois (Decl. of D. Gill ¶ 4; Decl. of B. Gubbels ¶ 7), the Court finds that the Plaintiffs' allegations are sufficient at this stage to find that the exercise of specific jurisdiction over the individual defendants comports with due process. Specific personal jurisdiction in Illinois may be exercised over a non-resident when the defendant has minimum contacts with Illinois, the defendant has initiated that contact, and the cause of action arises out of or is related to the contact with Illinois. *Purdue Research*, 338 F.3d at 780. Plaintiffs have met their burden of establishing specific personal jurisdiction over the individual defendants.

Nonetheless, Plaintiffs' trademark infringement and unfair competition claims must be dismissed for failure to state a claim. The individual defendants are all members and officers of GRE. (Dkt. No. 23 ¶¶ 9-12.) Under Illinois law, an officer of a corporation is only liable for the torts of the corporation in which he or she actively participates. *People ex rel. Madigan v. Tang*, 346 Ill. App. 3d 277, 284 (Ill. App. Ct. 2004). To survive a motion to dismiss, a plaintiff must allege that corporate officers directly and personally engaged in the conduct alleged. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421-22 (7th Cir. 1994). A complaint must contain allegations showing the officers' active participation in, or the exercise of specific control over the wrongful acts. *Id.* at 422. Plaintiffs fail in counts I and II to allege any acts demonstrating active participation by any of the individual defendants. (Dkt. No. 23 at pp. 14-16.) Indeed, there is no mention of any of the individual defendants in the allegations set forth in counts I and II. The FAC simply alleges wrongful acts conducted by the "GRE Defendants." (*Id.*) The allegations are insufficient to state a claim against the individual defendants. Thus, this Court dismisses counts I and II against Jarzobski, Gill, Jorgensen, and Gubbels.

## CONCLUSION

For the foregoing reasons, this Court grants the motion by Defendants Dedric Gill, Robb Jorgensen, Brian Gubbels, Edward Jarzobski, and Aslan Financial Group, Inc. All claims against these Defendants are dismissed without prejudice.

IT IS SO ORDERED.
January 28, 2011

Dated

Hon. Sharon Johnson Coleman
United States District Court